*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

---

### *In re* DWIGHT'S ESTATE.

*(Surrogate's Court, New York County.* January 23, 1890.)

EXECUTORS AND ADMINISTRATORS—INTERMEDIATE ACCOUNTS—REQUISITES.

An intermediate account should state if an inventory has been filed, and, if none has been filed, the account should furnish the information usually thus supplied, and should state the facts as to advertisement for, presentation, payment, or rejection of, claims, the names and ages of legatees, etc., the names and places of residence of guardians, and should be accompanied by vouchers, so that it could be settled in a proceeding under Code Civil Proc. N. Y. § 2729, providing that the accounts of an executor or administrator may be judicially settled on his petition at any time after one year since letters were issued to him.

Accounting by the executors of the will of Amos T. Dwight, deceased. Code Civil Proc. N. Y. § 2729, cited in the opinion, is as follows: "At any time after the expiration of one year since letters were issued to an executor or administrator, he may present to the surrogate's court a written petition, duly verified, praying that his account may be judicially settled, and that the creditors, or persons claiming to be creditors, of the decedent, and the decedent husband or wife, next of kin or legatees, if any, or, if either of those persons has died, his executor or administrator, if any, may be cited to attend the settlement. If one of two or more co-executors or co-administrators presents a petition for a judicial settlement of his separate account, it must pray that his co-executors or co-administrators may also be cited. Upon the presentation of a petition, as prescribed in this section, the surrogate must issue a citation accordingly."

RANSOM, S.   This is a proceeding commenced upon the surrogate's motion. In response thereto, what professes to be an intermediate account of the proceedings of the executors has been filed.   The estate is a large one, the property purporting to be accounted for amounting to nearly $600,000.   The account filed sets forth in detail the cash and personal property which came into the hands of the executors, and purports to account for the disposition made of the money, together with the personal securities.   No vouchers are filed for the payments alleged to have been made, nor are receipts or leases filed from the legatees or from the annuitants.   Executors and administrators, and more particularly counsel having in charge the filing of answers or accounts in response to proceedings of this character, seem to be under a grave misapprehension as to the scope of the proceeding, and the character of the account to be rendered.   I have therefore considered it advisable to take advantage of this opportunity of reminding such officers of the law upon the subject, in order that I may not be required, in each individual case arising in the future, to criticize the accounts filed.

The account required by the order of the surrogate is an intermediate account.   When filed, it should be in such shape that it may be settled in a proceeding to be instituted under section 2729 of the Code of Civil Procedure. See 6 Dem. Sur. 506.   The account should state if an inventory has been filed; and, if none has been filed, the account itself should furnish the information usually thus supplied.   It should likewise state whether or not advertisements for claims have been published, what claims have been presented, what allowed, and what rejected; and the time and manner in which they were rejected or disputed, and the reason therefor.   Also, what claims have been presented and allowed since the expiration of the publication of the advertisement for claims.   The accountant should then proceed to credit himself with funeral charges and expenses of administration, with moneys paid to creditors, (naming them,) and payments to legatees or next of kin.   He should state the age of legatees and next of kin, if any are minors, and whether they have guardians, and, if so, their names and places of residence, and how appointed.   If there is any other fact which has occurred, as part of his proceedings, which may affect the estate or the rights of any distributee, or his own rights, he is bound to state it.   He must not only state in what character his payments were made, as whether to creditors, legatees, or next of kin, or for expenses for funeral charges or of administration, distinctly, but he must produce vouchers supporting each payment; or, in cases of claims under $20, where no voucher is produced, he must make and present, in lieu of voucher, his own oath positively to the fact of payment, when made, and to whom.   Unless the order of the surrogate, requiring an executor or administrator to render an account of his proceedings, is obeyed in this manner, as plainly indicated by the statute, he will not have made the proper response to the order.   "The mandate is judicial, and peremptory as to him, to render an account of his proceedings, not to the extent he shall deem proper, nor a part of his proceedings, but his proceedings as executor from the day he qualified until the day he answers the order."   *In re Jones*, 1 Redf. Sur. 268.   Of course, the order of the surrogate may be answered by the representative of the decedent filing with the court the releases, duly acknowledged, of all the parties interested in the distribution of the fund, either as legatees or next of kin.   Where such legatees or distributees are dead, similar releases should be obtained from their personal representatives.

Unless the account filed is amended within 10 days, so as to correspond with the foregoing directions, a reference will be ordered.